# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Manuel Romero, | No. CV 19-08194-PCT-DGC (ESW) |
| Petitioner, | CR 73-00495-PCT-DGC |
| v. | **ORDER** |
| United States of America, | |
| Respondent. | |

Petitioner James Manuel Romero, who is confined in the United States Penitentiary-Tucson, has filed a pro se Petition for Coram Nobis (Doc. 1). The Court will summarily deny the Petition.

**I.     Petition**

Petitioner names the United States of America as Respondent and challenges his February 27, 1974 conviction for second-degree murder.[1] Petitioner argues that his Fifth Amendment due process rights were violated because the Government failed "to establish jurisdictional elements to the jury, under 18 U.S.C. § 1153(a)." Petitioner argues a conviction under § 1153 requires the Government to prove the defendant is "an Indian who commits an offense against 'another Indian,' or 'other person,' 'in Indian Country.'" (Doc. 1 at 7-8). Petitioner asserts that pursuant to *United States v. Zepeda*, 792 F.3d 1103, 1106 (9th Cir. 2015), the fact of "who is an Indian" must be determined by a jury.

---

[1] Petitioner completed a 20-year sentence imposed for this conviction. He is currently incarcerated pursuant to his conviction in the United District Court for the District of New Mexico for carjacking, robbery, and extortion. *See United States. v. Romero*, 1:94cr00694 (D.N.M).

Petitioner argues that during his criminal trial, the Government failed to adequately prove his status as "an Indian" and therefore "jurisdiction has never [been] shown regarding Romero at all . . . as statutorily required." Petitioner seeks to have his conviction reversed and expunged.

**II. Discussion**

To obtain coram nobis relief, a Petitioner must establish that: "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of a fundamental character." *Matus-Leva v. United States*, 287 F.3d 758, 760 (9th Cir. 2002) (citing *Hirabayashi v. United States*, 828 F.2d 591, 604 (9th Cir. 1987)). "Because these requirements are conjunctive, failure to meet any one of them is fatal." *Id.*

Petitioner has not alleged a "more usual remedy is not available"; does not offer valid reasons for not attacking his conviction earlier;[2] and does not allege that adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III of the United States Constitution. Accordingly, Petitioner has failed to meet at least three of the four required elements for obtaining coram nobis relief.

**IT IS ORDERED** that the Petition for Writ of Coram Nobis (Doc. 153 in CR 73-00495-PCT-DGC) is **denied** and the civil action opened in connection with this Petition (CV 19-08194-PCT-DGC (ESW)) is **dismissed without prejudice**.

Dated this 21st day of August, 2019.

*David G. Campbell*

David G. Campbell
Senior United States District Judge

---

[2] Even if Petitioner were able to show that *Zepeda*, on which he bases his claims for relief, implemented a right newly recognized by the Supreme Court and made retroactive on collateral review, Petitioner was required to assert that right within one year from the date of the decision. *See Dodd v. United States*, 545 U.S. 353, 358 (2005). *Zepeda* was decided in 2015, nearly four years before Petitioner filed his Petition.